No. 61,839

State of Kansas, *ex rel.* Robert T. Stephan, Attorney General for the State of Kansas; Roger V. Endell, Secretary of Corrections; and Steven J. Davies, Director of the Kansas State Penitentiary, *Plaintiffs*, v. The Honorable Paul W. Clark, Judge of the District Court for the Eighteenth Judicial District; Clark V. Owens, II, District Attorney for the Eighteenth Judicial District; Tony W. Kennedy; Tony R. Roat, Virgil A. Faust, and Horace House, *Defendants*.

(759 P.2d 119)

Opinion filed July 8, 1988.

*Timothy G. Madden*, special assistant attorney general, argued the cause, and *Robert T. Stephan*, attorney general, and *John W. Campbell*, deputy attorney general, were with him on the briefs for plaintiffs.

*Stuart W. Gribble*, of Stuart W. Gribble, P.A., of Wichita, argued the cause and was on the brief for defendant The Honorable Paul W. Clark.

*Henry H. Blase*, chief deputy district attorney, argued the cause and was on the response for defendant Clark V. Owens, II.

*Kiehl Rathbun*, of Wichita, argued the cause and *C. Warner Eisenbise*, of Wichita, was with him on the brief for defendants Tony W. Kennedy, Tony R. Roat, Virgil A. Faust, and Horace House.

The opinion of the court was delivered by

HOLMES, J.: This is an original action in quo warranto and mandamus filed in the Supreme Court by the Attorney General, the Secretary of Corrections, and the Director of the Kansas State Penitentiary. The plaintiffs challenge the decision of the Sedgwick County District Court which denied motions to quash two subpoenas duces tecum. The subpoenas in question directed officials of the Department of Corrections to produce documents pertaining to prison conditions at Kansas State Penitentiary at Lansing (K.S.P.) and the Kansas State Industrial Reformatory (K.S.I.R.).

Plaintiffs are Robert T. Stephan, Attorney General; Roger V. Endell, current Secretary of Corrections; and Steven J. Davies, Director of K.S.P. In their petition they name as defendants the Honorable Paul W. Clark, Judge of the Criminal Department, Eighteenth Judicial District, Sedgwick County; and Clark V. Owens II, District Attorney for the Eighteenth Judicial District. Also named are four individuals who are criminal defendants involved in sentencing proceedings in Sedgwick County. Tony

R. Roat and Tony W. Kennedy are presently incarcerated at K.S.P. and have filed motions for modification of their sentences. Their motions were consolidated for hearing before Judge Clark. Virgil A. Faust and his codefendant Horace House pled guilty to charges and are awaiting sentencing by Judge Clark.

The facts leading to the filing of this action are not in dispute. On July 16, 1987, a Department of Corrections official received a subpoena duces tecum from the Sedgwick District Court in the case of Tony R. Roat directing production of "any and all Federal guidelines, reports, and documents obtained by the Office of the Secretary of Corrections during 1987 relating to inmate conditions at Lansing Penitentiary." The official filed a motion to quash the subpoena, asserting *inter alia* that the material sought was irrelevant to the case pending against Tony R. Roat, that Roat lacked standing to raise issues concerning inmate treatment at the penitentiary, and that the issue was not ripe for adjudication.

Subsequently, in the case of Virgil A. Faust, then Secretary of Corrections Richard D. Mills received a subpoena duces tecum with the following directions:

"Please bring with you all reports from the Department of Justice regarding prison conditions at Lansing Penitentiary and KSIR, all correspondence between the Department of Justice and the Department of Corrections or other attorneys or the Kansas Legislature or subcommittees regarding the conditions at Lansing Penitentiary and KSIR, and all material, reports, memoranda or other information provided to the Department of Justice, Kansas Legislature or subcommittees regarding conditions at Lansing Penitentiary or KSIR."

The Secretary of Corrections filed a motion to quash that subpoena duces tecum on or about December 1, 1987.

In a hearing consolidating the cases, Judge Clark denied the motions to quash the subpoenas. The plaintiffs then filed this action on January 14, 1988, seeking an order of mandamus or quo warranto directing Judge Clark to quash the subpoenas duces tecum, or a peremptory order of mandamus pursuant to K.S.A. 60-802(b).

In response to plaintiffs' further request, this court on January 22, 1988, issued an order restraining defendants from enforcing the subpoenas and from securing any similar subpoenas pending further orders of this court. The order also stayed proceedings in Sedgwick District Court relative to the subject matter of the petition.

Defendant Clark V. Owens, II filed a response admitting all of the plaintiffs' allegations, adopting their arguments and legal authorities, and concurring in the relief sought by them. As defendant Owens has aligned himself with the position of the plaintiffs, he will be considered to be in the same category as the named plaintiffs. Defendants Kennedy, Roat, Faust, and House (hereinafter defendants Kennedy, *et al.*) filed a joint response and supporting memorandum on February 10, 1988. Judge Clark filed a separate response and supporting memorandum on the same date.

All parties urged this court to accept jurisdiction of the action and on March 7, 1988, this court issued an order doing so. See *Mobil Oil Corporation v. McHenry*, 200 Kan. 212, 239-241, 436 P.2d 982 (1968), and cases cited therein.

Although the original pleadings filed with this court assert four issues, the broad controlling issue is whether a sentencing court may compel the Department of Corrections to produce documents pertaining to prison conditions at particular correctional institutions to aid the court in deciding whether to sentence a criminal defendant to a term of incarceration pursuant to K.S.A. 1987 Supp. 21-4603(2)(a), or as an aid in deciding whether to modify a previous sentence pursuant to K.S.A. 1987 Supp. 21-4603(3). We conclude it may not and that the subpoenas in question should have been quashed.

K.S.A. 1987 Supp. 21-4603 provides in pertinent part:

"(2) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

(a) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

(b) impose the fine applicable to the offense;

(c) release the defendant on probation subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

(d) suspend the imposition of the sentence subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

(e) assign the defendant to a community correctional services program subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution; or

(f) impose any appropriate combination of (a), (b), (c), (d) or (e).

. . . .

(3) Any time within 120 days after a sentence is imposed or within 120 days after probation or assignment to a community correctional services program has been revoked, the court may modify such sentence, revocation of probation or assignment by directing that a less severe penalty be imposed in lieu of that

originally adjudged within statutory limits. If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals."

The plaintiffs initially contend that a judge of the district court, in sentencing a felon to the custody of the Secretary of Corrections, may not determine the *place* of confinement. They assert that both statutory and case law are clear that only the Secretary of Corrections has the authority to confine a person to any particular correctional institution or facility under the Secretary's supervision. K.S.A. 75-5206; K.S.A. 21-4609; *State v. Bennett*, 240 Kan. 575, 577, 731 P.2d 284 (1987); *State v. Fowler*, 238 Kan. 326, 333-35, 710 P.2d 1268 (1985). In *Bennett*, in response to the appellant's complaint that he was not sentenced in a manner that would further vocational rehabilitation, this court said:

"It is the sentencing court that determines the *length* of the defendant's incarceration. While that court can make recommendations regarding rehabilitation, *the sentencing court cannot determine where the defendant will serve his time. That decision is statutorily to be decided by the Secretary of Corrections in the exercise of his discretion.* Therefore, the defendant's complaint lies not with the sentencing court but with the Secretary of Corrections. *The issue of whether the Secretary of Corrections has abused the exercise of his discretion is not a justiciable issue on this direct appeal from the sentence imposed.* The court has no jurisdiction to consider it on this appeal." 240 Kan. at 577. (Emphasis added.)

Defendants Kennedy, *et al.* and Judge Clark concede that the district court may not direct or determine the place of confinement and that such determination must be made by the Secretary of Corrections.

Plaintiffs next argue that the conditions of confinement at a particular correctional institution are not relevant in a sentencing proceeding. Since the Secretary of Corrections has a variety of options for confining a felon, plaintiffs contend that it is inappropriate for the sentencing court to inquire into conditions at any *one* of the various institutions that might be designated by the Secretary in the event that the felon is sentenced to his custody.

Defendants Kennedy, *et al.* point out in response that the court may not knowingly impose an unconstitutional sentence, that K.S.A. 75-5228(a) prohibits incarceration in a correctional institution that is "unsanitary, unsafe or a detriment to human life," and that the district court has jurisdiction over conditions of

confinement to the extent necessary to determine whether confinement is the appropriate sentence to impose. Judge Clark contends that a sentencing court has a duty to allow the defendant to present his entire defense, and that the conditions at a particular institution are relevant to the court's decision whether to sentence a felon to the custody of the Secretary of Corrections, or in the alternative to place him on probation or assign him to a community corrections program. Judge Clark argues that the issue for consideration by a sentencing court is the most appropriate disposition given the needs of the individual offender, and that prison conditions may be relevant to that determination. He also makes the argument that the trial judge may not sentence a defendant to unconstitutional confinement.

In support of the argument that a trial court may not impose an unconstitutional sentence, the defendants cite K.S.A. 75-5228, which provides in part:

"**75-5228. Correctional institutions and jails; standards; inspection; improvements or abandonment of use of jails; when.** (a) No person shall be incarcerated in any correctional institution or jail or any part thereof that is unsanitary, unsafe or a detriment to human life. The secretary of corrections shall promulgate advisory standards relating to the sanitation and safety of such institutions and jails."

K.S.A. 75-5201 *et seq.* pertain to the powers and duties of the Secretary of Corrections and do not apply to the procedures of the trial court in the sentencing of defendants.

Furthermore, plaintiffs concede that a trial court may not impose an unconstitutional or illegal sentence upon a defendant or confine a defendant under unconstitutional conditions. The issue is not whether a trial court may impose an unconstitutional sentence. All parties agree that it may not. The issue before this court is whether the procedure attempted here was proper in determining the sentence to be imposed pursuant to K.S.A. 1987 Supp. 21-4603(2) or in considering modification of an existing sentence pursuant to subsection (3) of the statute.

While it may be appropriate for the sentencing court to consider the ramifications of incarceration generally for the individual offender, along with other possible dispositions, the sentencing court must assume that the Secretary of Corrections will carry out his or her statutory and constitutional duties in placing an offender in one of the several correctional institutions under his supervision. See K.S.A. 1987 Supp. 75-5205(a); K.S.A. 1987

Supp. 75-5202(d). The particular conditions at K.S.P. or K.S.I.R. or any other state correctional facility are relevant to the *Secretary's* placement decision, but it is inappropriate for a district court at the *sentencing* stage to compel production of documents pertaining to such conditions for purposes of deciding whether to commit an offender to the Secretary's custody. See *Levier v. State*, 209 Kan. 442, 497 P.2d 265 (1972). The conditions at any particular penal institution are not relevant to the decision of the trial court of whether to sentence a defendant to the Secretary of Corrections or impose some other sentence.

K.S.A. 1987 Supp. 21-4601 sets forth the broad objectives and legislative policy to be considered in sentencing defendants. *State v. Jennings*, 240 Kan. 377, 729 P.2d 454 (1986). The statute reads:

"This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

The statute clearly contemplates that the sentencing court shall give consideration not only to the "individual characteristics, circumstances, needs and potentialities" of an individual defendant, but also to "the needs of public safety" and the protection of the general public. The statute provides guidelines for the sentencing court in carrying out its obligations under the statutes. One of the directives in K.S.A. 1987 Supp. 21-4601 provides that "dangerous offenders shall be correctively treated in custody for long terms as needed." If the offender is a felon and is perceived by the sentencing court to be a dangerous offender, the policy as expressed by the legislature is that the offender will be incarcerated under the direction and supervision of the Secretary of Corrections. If it is determined that the defendant is not a dangerous offender, then the court should balance the individual characteristics, needs, etc. of the defendant against the need for public safety. If such a balancing approach convinces the sentencing court that the need to protect the public may be met without incarceration in an institution under the Secretary of

Corrections, the court may impose some other disposition under K.S.A. 1987 Supp. 21-4603(2). In either event the conditions at K.S.P. or K.S.I.R. are irrelevant to the determination of the appropriate disposition of any individual case. It is the court's duty to determine the appropriate disposition under the statute and the length of the sentence, within statutory bounds. It is the duty of the Secretary of Corrections to determine where and under what conditions such sentence, if any, will be served.

The relevancy requirements of subpoenas in aid of civil or criminal litigation have been called "stringent." See *Yellow Freight System, Inc. v. Kansas Commission on Civil Rights*, 214 Kan. 120, 125, 519 P.2d 1092 (1974); *State ex rel. Wolgast v. Schurle*, 11 Kan. App. 2d 390, 394, 722 P.2d 585 (1986). 97 C.J.S., Witnesses § 25(e) summarizes the rule on what type of documents may be required to be produced:

"Generally speaking, a subpoena duces tecum may be used to compel the production of any proper documentary evidence, such as books, papers, documents, accounts, and the like, which is desired for the proof of an alleged fact *relevant to the issue before the court or officer issuing the subpoena,* provided that the evidence which it is thus sought to obtain is competent, *relevant,* and *material."* (Emphasis added.)

The information sought by the subpoenas duces tecum in the present case was irrelevant and immaterial to the determination of the appropriate sentence and disposition to be adjudged pursuant to K.S.A. 1987 Supp. 21-4603(2) and (3). To the extent that any specific information is relevant to the sentencing in any particular case, it may be obtained as a part of the presentence investigation pursuant to K.S.A. 1987 Supp. 21-4604(2). However, the broad requests here are clearly inappropriate.

Plaintiffs also contend that the sentencing proceedings do not constitute the proper forum or proceeding for an attack upon conditions at K.S.P. or K.S.I.R., asserting that there are specific procedures available to the defendants if that is their goal. We agree. Defendants contend they are not attempting to have conditions at the two institutions declared unconstitutional but merely want information to assist the court in determining the needs of the individual defendants. Assuming plaintiffs' contentions are valid, K.S.A. 60-1501 *et seq.* provide specific procedures by which a defendant may attack the conditions of his imprisonment (*Hamrick v. Hazelet*, 209 Kan. 383, 497 P.2d 273

[1972]), or the constitutionality or legality of the sentence imposed (K.S.A. 60-1507).

For the reasons set forth herein, we hold that the district court erred in not quashing the subpoenas and an order in mandamus should issue. The order of this court entered January 22, 1988, is rescinded insofar as it may have stayed the imposition of sentence in the cases of Faust and House and the determination of the motions to modify the sentences in the cases of Roat and Kennedy. The defendant Paul W. Clark is ordered to quash the subpoenas duces tecum previously issued.