(883 P.2d 1211)
No. 71,157

LESLIE SAFARIK, *Appellee*, v. L.E. BRUCE, Warden, Representative of the Kansas Department of Corrections, *Appellant*.

—

Opinion filed October 28, 1994.

*Charles Simmons* and *Timothy G. Madden,* of the Kansas Department of Corrections, of Topeka, for appellant.

*Ron Svaty,* of Svaty, Sherman & Hoffman, of Ellsworth, for appellee.

Before RULON, P.J., GREEN, J., and RICHARD B. WALKER, District Judge, assigned.

WALKER, J.: The warden of the Ellsworth Correctional Facility, appeals from an Ellsworth County District Court order which ordered that the petitioner, Leslie Safarik, be released from custody. We reverse and remand with directions.

Petitioner is an inmate at the Ellsworth Correctional Facility serving a sentence imposed by the Sedgwick District Court of not less than 5 nor more than 20 years for aggravated battery. On October 13, 1993, petitioner received a copy of his Kansas Department of Corrections (KDOC) sentencing guidelines report, which concluded that he was not eligible for the retroactive application of the sentencing guidelines based upon his conviction of a severity level 7 offense and his prior criminal history of two person felonies.

On October 28, 1993, petitioner filed a motion in Sedgwick County District Court objecting to the KDOC report's criminal history classification and requesting an evidentiary hearing regarding conversion of his sentence. The Sedgwick County District Court conducted a hearing on the motion via telephone on December 1, 1993, and subsequently denied petitioner's motion for

conversion on the grounds that the court had not received a sentencing guidelines report from the KDOC. The court concluded that absent receipt of the KDOC report, petitioner's motion to convert was not properly before the court.

Petitioner filed this action, a petition for writ of habeas corpus, in Ellsworth County District Court on January 3, 1994. A hearing was held on petitioner's petition at the Ellsworth Correctional Facility on February 3, 1994. The Ellsworth County District Court granted petitioner's request for a writ of habeas corpus, finding that petitioner

"did attempt to appeal his determination that he was not eligible for the retroactive provisions of the Sentencing Guidelines because of his criminal history and that the Appeal was denied because the Department of Corrections failed to send the Report to the Sentencing Court as required under the law."

The court further found that

"because of this failure of the Department of Corrections to comply with the requirements of the law, the Plaintiff was denied his opportunity to challenge the criminal history and thus, the criminal history should be disallowed and with the disallowance of the criminal history, the Plaintiff is eligible for immediate release under the Retroactivity Provisions of the Sentencing Guidelines Act."

The Ellsworth County District Court's February 3, 1994, journal entry concluded that petitioner should be released from custody immediately. Later, that same court issued an amended journal entry setting petitioner's release date as February 18, 1994.

KDOC filed a motion for reconsideration and a motion for stay of execution in the Ellsworth County District Court. Shortly thereafter, on February 9, 1994, a hearing was held in Sedgwick County District Court in response to an oral request by an assistant district attorney. Neither petitioner nor his attorney of record in his underlying criminal case was notified of this hearing, but the journal entry indicates that petitioner was represented by a deputy public defender. As a result of this hearing, the Sedgwick County District Court issued the following order:

"That the defendant Leslie J. Safarik is not eligible for retroactive application of the Kansas Sentencing Guidelines Act in this matter based on the severity level of the offense of Aggravated Kidnapping, severity level one (1); and Aggravated Battery, a severity level four (4), and based on his criminal history category B."

On February 11, 1994, the Ellsworth County District Court conducted a hearing on KDOC's motion for reconsideration in which KDOC introduced Sedgwick County District Court's February 9 order finding that petitioner was not eligible for conversion. After examining the Sedgwick County order, the Ellsworth County District Court found that the Sedgwick County District Court journal entry was a nullity because Ron Svaty, the attorney for petitioner, was neither notified nor present. The Ellsworth County District Court further ordered petitioner to be released on February 18, 1994, as scheduled.

Here, KDOC appeals the Ellsworth County District Court's denial of its motion for reconsideration. This court previously stayed the execution of the Ellsworth County District Court order pending resolution of this appeal.

In reaching its decision, the Ellsworth County District Court interpreted and applied the Kansas Sentencing Guidelines Act, K.S.A. 1993 Supp. 21-4701 *et seq.*, and the Kansas habeas corpus statutes, K.S.A. 60-1501 *et seq.* Interpretation of statutes is a question of law, and this court's review of questions of law is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988); see *State v. Donlay*, 253 Kan. 132, 134, 853 P.2d 680 (1993).

K.S.A. 1993 Supp. 21-4724(b)(1) allows for retroactive application of the Sentencing Guidelines Act to incarcerated individuals who would have been considered presumptive probation candidates had they been sentenced under the Sentencing Guidelines Act as well as to those who would have been placed in grid blocks 5-H, 5-I, or 6-G of the sentencing guidelines grid for nondrug crimes or in grid blocks 3-H or 3-I of the sentencing guidelines grid for drug crimes, had they been sentenced under the Sentencing Guidelines Act.

K.S.A. 1993 Supp. 21-4724(c)(1) requires KDOC to review and determine inmate placement on the sentencing guidelines grid. The language of that provision is quite clear:

"Except as provided in subsection (f), the department of corrections shall conduct a review of all persons who committed crimes and were sentenced prior to July 1, 1993, and are imprisoned in the custody of the secretary of corrections

as of that date. The department shall prepare a sentencing guidelines report on all such imprisoned inmates except those who have convictions for crimes which, if committed on or after July 1, 1993, would·constitute a severity level 1, 2, 3 or 4 felony on the sentencing guidelines grid for nondrug crimes or a severity level 1, 2 or 3 felony on the sentencing guidelines grid for drug crimes, but, including those in grid blocks 3-H or 3-I of the drug grid, pursuant to the provisions of subsection (c) of K.S.A. 1993 Supp. 21-4705 and amendments thereto, which shall review and determine what the person's sentence as provided by the crime severity and criminal history grid matrix established by the Kansas sentencing commission guidelines act would be as if the crime were committed on or after July 1, 1993. A copy of the report shall be transmitted to the inmate, the county or district attorney for the county from which the inmate was sentenced, and the sentencing court."

In the present case, KDOC prepared such a report on petitioner because it determined that his crime of aggravated battery was severity level 7. Due to petitioner's criminal history of one prior conviction for rape and one prior conviction for kidnapping, however, KDOC concluded that petitioner was not eligible for retroactive conversion.of his sentence· under the Sentencing Guidelines Act.

As noted earlier, within 30 days of receiving a copy of this report, petitioner filed a motion in Sedgwick County District Court (the sentencing court) requesting an evidentiary hearing in order to challenge KDOC's criminal history classifications. Such motion was in accordance with K.S.A. 1993 Supp. 21-4724(c)(4), which states:

"The criminal history classification as determined by the department of corrections shall be deemed to be correct unless objection thereto is filed by either the person or the prosecution officer within the 30-day period provided to request a hearing. If an objection is filed, the sentencing court shall determine the person's criminal history classification. The burden of proof shall be on the prosecution officer regarding disputed criminal history issues."

The procedure for a hearing on a KDOC sentencing guidelines report is set forth in K.S.A. 1993 Supp. 21-4724(d), which provides in pertinent part:

"(1) Within 30 days of the issuance of such report, the person who committed the crime and the prosecution officer shall have the right to request a hearing by filing a motion with the sentencing court, regarding conversion to a sentence under the Kansas sentencing guidelines act to be held in the jurisdiction where the original criminal case was filed. . . .

"(2) In the event a hearing is requested and held, the court shall determine the applicable sentence as prescribed by the Kansas sentencing guidelines act.

"(3) In the event a hearing is requested, the court shall schedule and hold the hearing within 60 days after it was requested and shall rule on the issues raised by the parties within 30 days after the hearing.

"(4) Such offender shall be represented by appointed counsel pursuant to the provisions of K.S.A. 22-4501 *et seq.* and amendments thereto."

The Sedgwick County District Court held a hearing on petitioner's motion for hearing within 60 days of his request. However, instead of determining petitioner's criminal history classification as required under K.S.A. 1993 Supp. 21-4724(c)(4), the Sedgwick County District Court denied petitioner's request for a hearing based upon its finding that KDOC never transmitted its report to the court.

The Sentencing Guidelines Act provides for no clear remedy when KDOC fails to transmit a copy of its sentencing guidelines report to the sentencing court as required by K.S.A. 1993 Supp. 21-4724(d). Petitioner sought relief through the filing of a habeas corpus petition in Ellsworth County, the county of his confinement.

K.S.A. 60-1501 provides:

"Subject to the provisions of K.S.A. 60-1507 any person in this state who is detained, confined, or restrained of liberty on any pretense whatsoever, and any parent, guardian, or next friend for the protection of infants or allegedly incapacitated or incompetent persons, physically present in this state may prosecute a writ of habeas corpus in the supreme court, court of appeals, or the district court of the county in which such restraint is taking place."

K.S.A. 60-1507(a) provides:

"A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution of laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence."

The distinction between K.S.A. 60-1501 and K.S.A. 60-1507 has generally been held to be that a 1507 petition is a procedure by which a prisoner may challenge his or her conviction or sentence,

while a 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution. See *State ex rel. Stephan v. Clark,* 243 Kan. 561, 568, 759 P.2d 119 (1988); *Foster v. Maynard,* 222 Kan. 506, 513, 565 P.2d 285 (1977); *Hamrick v. Hazelet,* 209 Kan. 383, 385, 497 P.2d 273 (1972). A 1507 petition is properly filed in the sentencing court, while a 1501 petition is properly filed in the county of confinement. *Anderson v. Anderson,* 214 Kan. 387, 391, 520 P.2d 1239 (1974).

The most troublesome aspect of the present case is that through his petition, petitioner was challenging both an alleged administrative failure of KDOC to transmit his sentencing guidelines report to the Sedgwick County District Court and the failure of the sentencing court to retroactively convert his sentence. If KDOC failed to comply with the sentencing guidelines statutory mandate, such is an administrative act restraining petitioner's liberty interest in having a sentencing guidelines report transmitted to the sentencing court. Such action is reviewable in the county of petitioner's confinement through a petition seeking a writ of mandamus. The determination of petitioner's criminal history classification and crime severity level, however, is a sentencing matter within the jurisdiction of the sentencing court under both K.S.A. 60-1507 and the Sentencing Guidelines Act.

Consequently, petitioner *cannot* ask the Ellsworth County District Court to convert his sentence. In other words, the Ellsworth County District Court had jurisdiction only to compel KDOC to transmit a report to the Sedgwick County District Court, but the Ellsworth County District Court did not have jurisdiction to conclude that because no report was transmitted, petitioner's sentence should be converted.

There is no question that petitioner is being lawfully held by KDOC under a valid pre-guidelines sentence. Thus, only two possibilities exist: either petitioner is eligible for conversion of his sentence under the retroactive provision of the Sentencing Guidelines Act or he is not so eligible. The question as to which of these alternatives applies can be resolved solely by the sentencing court, in this case Sedgwick County District Court.

If petitioner seeks to challenge his or her criminal history classification, the proper forum for that argument is the sentencing court.

K.S.A. 1993 Supp. 21-4724(c)(4) states that after an inmate properly objects to his or her criminal history, the sentencing court *shall* determine that person's criminal history classification. The statute does not provide that the district court need only make such a determination if it has received the KDOC report. The statute states that the burden of proof shall be on the prosecution regarding disputed criminal history. If KDOC has not submitted a sentencing guidelines report to the sentencing court in the time allowed by statute, then the prosecution has only the district court files and its own research to rely upon in presenting its case. The court must determine the inmate's criminal history based upon the severity level of the inmate's crime and upon the criminal history classification as determined from the court records and evidence presented by the prosecutor and the inmate.

Petitioner did not file a direct appeal of the Sedgwick County District Court order. Therefore, the question of what remedy the sentencing court can afford an inmate when KDOC fails to comply with its statutory mandate need not be decided here. Petitioner may need to consider filing a K.S.A. 60-1507 petition in the Sedgwick County District Court in order to raise that issue.

In summary, we conclude the jurisdiction of the Ellsworth County District Court was limited to compelling KDOC to transmit a copy of petitioner's sentencing guidelines report to the Sedgwick County District Court. The Ellsworth County District Court did not have jurisdiction to determine that petitioner was eligible for sentence conversion. Because the Ellsworth County District Court was without jurisdiction to order the release of petitioner, such court's writ of habeas corpus is ordered to be vacated.

The judgment of the Ellsworth County District Court is reversed, and the cause is remanded with directions to vacate such judgment forthwith.