NOT DESIGNATED FOR PUBLICATION

No. 122,933

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALE M.L. DENNEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 23, 2021. Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Dale M.L. Denney appeals the district court's summary dismissal of his K.S.A. 60-1507 motion seeking release from prison because of the COVID-19 pandemic. On appeal, he now argues the district court erred in finding he failed to establish an exception to permit the filing of an untimely and successive motion. We observe no error by the district court, and we affirm.

1

Denney was convicted in 93CR1268 and 93CR1343 for aggravated sex crimes which resulted in an initial 228-month sentence and a second consecutive sentence of 36 years to life. His convictions and sentences were affirmed on direct appeal. *State v. Denney*, 258 Kan. 437, 905 P.2d 657 (1995).

Since 1995, Denney has filed multiple postconviction motions. "As [Denney] candidly concedes: 'The procedural history since [the two criminal cases in 1993] is too long to recount: these are the 28th and 29th of 29 appeals and original actions filed to date with the Kansas Appellate Courts.'" *State v. Denney*, No. 116,973, 2018 WL 560170, at *4 (Kan. App. 2018) (unpublished opinion).

In April 2020, Denney filed the motion giving rise to this appeal, asserting it was a K.S.A. 60-1507 motion and captioned it "'Emergency Medical' Petition for Writ of Habeas Corpus & A Temporary Restraining Order Without Pre-Payment of Fees or Bonding Due to Indigency." He argued he had medical conditions making him susceptible to contracting COVID-19 and, as a result, should be released from custody. The district court summarily denied relief, finding the motion was untimely and Denney had not shown manifest injustice to excuse the untimely filing; the motion did not fit the purpose of a K.S.A. 60-1507 motion; and the motion was successive and Denney had not demonstrated exceptional circumstances to permit a successive K.S.A. 60-1507 motion.

ANALYSIS

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

To be entitled to relief under K.S.A. 2020 Supp. 60-1507, the movant must establish by a preponderance of the evidence that "the judgment was rendered without jurisdiction, or . . . the sentence imposed was not authorized by law or is otherwise open to collateral attack, or . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2020 Supp. 60-1507(b); see Supreme Court Rule 183(g) (2021 Kan. S. Ct. R. 239) (preponderance burden).

Here, Denney raises no claim the district court lacked jurisdiction to try or sentence him, his sentence was otherwise unlawful, or his constitutional rights were infringed upon in the underlying criminal proceedings. Denney's actual arguments relate to his conditions of confinement.

Denney should have raised his challenges in a K.S.A. 60-1501 petition in the county where he is confined. Additionally, Denney filed his motion in Sedgwick County District Court, which has no jurisdiction to liberally construe his motion as a K.S.A. 60-1501 petition in order to address it on the merits. See K.S.A. 2020 Supp. 60-1501(a); *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 (1994). Because the Sedgwick County District Court does not have jurisdiction to consider Denney's motion under K.S.A. 2020 Supp. 60-1501, this court likewise lacks jurisdiction to do so. See *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009) ("If the district court lacks jurisdiction to make a ruling, an appellate court does not acquire jurisdiction over the subject matter on appeal."). The district court properly dismissed Denney's motion as he failed to present any valid grounds for relief under K.S.A. 2020 Supp. 60-1507.

Affirmed.