NOT DESIGNATED FOR PUBLICATION

No. 124,359

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL E. WALKER,
*Appellant*,

v.

SAM CLINE, Warden,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed September 2, 2022. Affirmed.

*Daniel E. Walker*, appellant pro se.

No appearance by appellee.

Before HURST, P.J., HILL and ATCHESON JJ.

PER CURIAM: This is an appeal of a district court's summary dismissal of inmate Daniel Walker's petition for a writ of habeas corpus contesting his discipline by prison authorities. A court may summarily dismiss such a petition if the undisputed facts reveal there is no good cause to issue the writ. Walker contends that there was insufficient evidence to prove that he violated any prison rules and that his hearing officer was unfair and not impartial. After reviewing the administrative record, the district court found nothing that shocked the court's conscience, nor were any of the proceedings fundamentally unfair. After our review, we agree and affirm.

1

An investigation of a November 2019 break-in to the property room at the El Dorado Correctional Facility focused on three inmates: Daniel Walker, the petitioner; Micah Yoakum; and Derek Owens. Surveillance video showed the three inmates talking outside of Yoakum's cell before they went to the property room. Over $3,300 worth of property was stolen or damaged. Many hours of staff time were expended in the investigation.

A disciplinary report charged the three inmates with violation of K.A.R. 44-12-1001 for violating Kansas' theft statute—K.S.A. 2019 Supp. 21-5801.

Hearing officer Terry Echols conducted Walker's disciplinary hearing. Walker maintained his innocence. He submitted a witness request form asking that the hearing officer review camera footage from four vantage points:  the hallway, in front of the property room, from the disciplinary room, and from inside the property room. Walker did not ask to call any witnesses.

Special Agent Brett Sissell, who investigated the break-in, testified at the hearing and stood by the disciplinary report as written. Walker had the opportunity to question Special Agent Sissell. Walker asked whether the surveillance footage Sissell reviewed showed him leaving with stolen property. Sissell said it did not. Walker asked no other questions.

Echols continued the hearing for three days so he could review the surveillance footage. At that hearing, Echols reported what he had seen in the surveillance footage. At 6:30 p.m. Yoakum and Owens are seen loitering outside the property room. About a minute later, Walker comes into view and Yoakum enters the ceiling that leads to the property room, which is off-camera. A minute later, Walker and Owens leave the area without any stolen property. Based on this, Echols decided Walker and Owens acted as lookouts.

2

Echols decided that while Yoakum was the only one who entered the property room, Walker was a coconspirator. Based on the evidence, he amended the charge from theft to aggravated burglary under K.S.A. 2019 Supp. 21-5807. Echols gave Walker notice of the amended charge and continued the hearing to 10 days later so Walker could prepare a defense.

At the final hearing, Echols found that Walker violated K.A.R. 44-12-1001. He also found it was more likely than not that Walker was a coconspirator in Yoakum burglarizing the property room. Walker's punishment was a forfeiture of 60 days' good time, imposition of 60 days of restrictions, and a $20 fine. He was assessed $1,923.11 in restitution. Walker appealed to the Secretary of Corrections, who upheld the conviction but eliminated the restitution assessment.

*Walker petitions for habeas corpus relief.*

Without any assistance from legal counsel, Walker petitioned for writ of habeas corpus under K.S.A. 60-1501. In the petition, Walker argued his due process rights were violated because Echols was not an impartial decision maker. Walker argued that Echols acted as an investigator because he amended the charge to aggravated burglary after reviewing the camera footage.

He maintained that he was not a part of the plan to burglarize the property room. Walker attached an affidavit from inmate Yoakum—the inmate who did go into the property room—stating that Walker told both Yoakum and Owens that they should get out of the hallway. The affidavit is dated before Walker's hearings but it is unclear whether Walker provided the affidavit to Echols. Walker only states that he attached it as an exhibit to his appeal to the Secretary of Corrections.

The district court summarily dismissed Walker's petition, holding that his argument that Echols was not impartial lacked merit. The court noted that Walker requested that Echols review the surveillance footage, then claimed he was biased once he did. And K.A.R. 44-13-403(1)(1) specifically allows a hearing officer to review video evidence during a disciplinary hearing. The district court also noted that Echols was within his rights to amend the charge from theft to aggravated burglary based on the evidence presented at the hearing.

The court also noted that Walker's arguments about what conclusions should be drawn from the surveillance footage were matters best left to the trier of fact. The court declined to reweigh the evidence or substitute its opinion for that of Echols.

To us, Walker argues that there was insufficient evidence for the hearing officer to find him guilty and that he was denied due process because the hearing officer was not impartial. The El Dorado Correctional Facility failed to file a brief.

The method for prisoners to contest disciplinary actions taken by prison officials is to file a habeas corpus petition under K.S.A. 60-1501. *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 (1994). In turn, a district court may summarily dismiss such a petition if there is no cause for granting the writ. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). We, as an appellate court, exercise de novo review of a summary dismissal of a K.S.A. 60-1501 petition. *Johnson*, 289 Kan. at 649.

*There was sufficient evidence to prove Walker violated the regulation.*

Walker first argues that Echols' finding of guilt was not supported by sufficient evidence. In the context of a prison disciplinary proceeding, this court determines whether there is "'some evidence'" to support the hearing officer's decision. *Sammons v. Simmons*, 267 Kan. 155, 159, 976 P.2d 505 (1999). This court does not assess witness

4

credibility or reweigh evidence. This court determines "whether there is any evidence in the record that could support the conclusion reached." *Sammons*, 267 Kan. 155, Syl. ¶ 3.

Echols found Walker guilty of violating a state statute under K.A.R. 44-12-1001: "(a) Unless otherwise designated in this rule book, violation of state or federal statutes shall be a class I offense if the statute is a felony crime." Echols found that Walker violated K.S.A. 2019 Supp. 21-5807—aggravated burglary—"for burglary in 'P' building, which includes Programs Property Storage Area which there is a human being, with intent to commit a felony or theft." Echols determined "[i]t is more likely true than not that offender was a co-conspirator in offender Yoakum burglarizing property room[.]"

Walker contends that there was no evidence that he violated the aggravated burglary statute. He says Echols relied solely on the accusations in the disciplinary report and frames the evidence as his word against the reporting officer's word.

There is some evidence supporting Echols' conclusion that Walker violated K.A.R. 44-12-1001 as Yoakum's coconspirator. The surveillance footage showed Walker entering the hallway in front of the property storage area shortly after Yoakum and Owens. Owens and Walker then leave together after Yoakum entered the ceiling. This is "some evidence" that Walker was acting as a lookout for Yoakum. This evidence supports Echols' conclusion. We see no reason to alter the district court's holding.

*The hearing officer was impartial.*

Walker contends that Echols was not impartial because he acted as an investigator. He studied the surveillance footage of his choosing—but not the footage that Walker requested—and used his interpretations, observations, and conclusions as the sole basis for amending the charge to aggravated burglary. Walker asserts that Echols knew the

5

information in the disciplinary report was false and that Walker had a right to be in the hallway outside the property storage room.

These facts do not show that Echols acted as an investigator. Hearing officers are allowed to review surveillance footage as part of the decision-making process under K.A.R. 44-13-403(l)(1). (For security purposes prisoners cannot review surveillance recordings.) While Walker alleges that Echols only reviewed some of the surveillance footage, but not the footage Walker had requested, there is nothing in the record specifying what surveillance footage Echols viewed.

And Echols could amend Walker's charge if it was appropriate under K.A.R. 44-13-202, which says:

> "If, in the judgment of the disciplinary administrator, hearing officer, or warden during administrative review, the charge is incorrect or a language change would change the substance of the charge or adversely affect the defense, the charge shall be amended and notice given to the inmate."

Echols determined aggravated burglary was the appropriate charge and Walker received sufficient notice of the amended charge. Walker was given more time to prepare his defense because of the amended charge.

We hold that Echols did not act as an investigator in Walker's disciplinary proceedings. Walker has failed to show that Echols was not an impartial decision maker. Walker was not denied due process of law.

Given our standard of review, we affirm the district court's summary dismissal of Walker's K.S.A. 60-1501 petition.

Affirmed.