NOT DESIGNATED FOR PUBLICATION

No. 128,968

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES C. STRADER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Submitted without oral argument. Opinion filed November 7, 2025. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

CLINE, J.: James C. Strader appeals from the district court's denial of his K.S.A. 60-1501 petition, challenging his confinement in segregation and the restriction of his privileges. While the court erred in finding Strader's petition untimely, we see no error in its alternative reasons for denying the petition (which Strader does not address). We therefore affirm the court's decision.

1

FACTUAL AND PROCEDURAL BACKGROUND

In June 2023, Strader was charged with three disciplinary infractions. After a hearing, the disciplinary office found Strader guilty of just one of the alleged infractions. Strader does not provide evidence that he ever appealed this disposition internally to the Secretary of the Kansas Department of Corrections.

In April 2024, Strader was charged with two more disciplinary infractions after he attacked another inmate and ignored officer orders to cease fighting. Following a hearing, which included testimony from the reporting officer and video of the incident, Strader was found guilty of both infractions and sentenced to 15 days in disciplinary segregation and 30 days of restriction.

Strader appealed this decision to the Secretary, arguing that the facility violated the law and was a hostile environment. The Secretary affirmed the decision of the hearing officer on May 21, 2024, finding that the hearing substantially complied with requisite procedures and that the decision was based on evidence. Strader received and acknowledged the decision on May 31, 2024.

Strader then filed a K.S.A. 60-1501 petition for writ of habeas corpus in Reno County District Court, alleging (1) violation of constitutional rights, (2) violation of federal and state K.A.R. and IMPP rules, (3) discriminatory staff tort actions, (4) abridgement of due process and other constitutional rights, (5) illegal unwarranted and unwanted segregation, and (6) violations of the Freedom of Information Act. For relief, Strader sought proceeds, injunctions, private industry pay and job work release, early release from sentences, possible pardon/clemency, vacating his sentences, medical expenses and damages, relief for mental and emotional damages and expenses, and expungement of records. The envelope Strader used to mail the petition was stamped

2

June 26, 2024, and the handwritten certificate of service date on the envelope appeared to state June 20, 2024.

Strader's petition did not identify the decision(s) he was appealing from, but he did attach documents from the two disciplinary hearings as well as numerous facility requests and grievance forms that he submitted to the prison authorities. The district court opted to address all the attached documents as claims Strader intended to appeal from.

To begin, the district court held that Strader's appeals from the Secretary's decisions affirming the results of the disciplinary hearings were untimely. But it also found other jurisdictional grounds to dismiss his petition, including Strader's failure to demonstrate deprivation of a constitutionally protected liberty interest. As for Strader's prayer for relief, the court noted that a habeas petition cannot request compensatory or punitive damages, and the court was not in a position to provide a private industry job with work release, grant a pardon, grant clemency, vacate the sentence, expunge Strader's record, order a cease of all torts, or order a grand jury be convened. And as for Strader's claims regarding personal property, the district court found he failed to demonstrate that he exhausted his administrative remedies. The court, therefore, summarily dismissed Strader's petition for writ of habeas corpus.

REVIEW OF STRADER'S APPELLATE CHALLENGE

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition." *Denney v. Norwood*, 315 Kan. 163, 173, 505 P.3d 730 (2022); see K.S.A. 2024 Supp. 60-

3

1503(a). An appellate court exercises de novo review of a summary dismissal. *Denney*, 315 Kan. at 176.

Strader claims the district court erred in dismissing his petition as untimely because the court miscalculated the deadline for him to appeal the Secretary's decision affirming the result of the 2024 disciplinary hearing. Strader asserts that the district court misused May 21, 2024—the day the Secretary made his decision—to calculate the filing deadline, when it should have used May 31, 2024—the day Strader was actually informed of the decision. He claims that if the proper date was used, his appeal would be found timely.

The State agrees with Strader on this point, at least with respect to the 2024 disciplinary hearing result. Even so, it notes that the district court provided alternative bases for its dismissal that Strader does not address on appeal. Nor does Strader address the untimeliness of his appeal of the 2023 disciplinary hearing result. See *Ellie v. State*, 312 Kan. 835, 840, 481 P.3d 1208 (2021) (declining to reach merits when alternative ruling that was unchallenged would stand). We therefore find Strader has failed to preserve any challenge to those alternative bases for dismissal of his petition and the court's finding that his appeal of the 2023 hearing result was untimely. That said, we also find no error in the district court's decision to dismiss Strader's petition for reasons other than the perceived untimeliness of his challenge to the 2024 disciplinary hearing result.

K.S.A. 2024 Supp. 60-1501(a) provides that "any person in this state who is detained, confined or restrained of liberty on any pretense whatsoever . . . may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place."

To determine whether the petitioner might be entitled to relief, this court engages in a two-step analysis:

> "First, the court must determine whether the State has deprived the petitioner of life, liberty, or property. If so, the court next determines the extent and the nature of the process due. The question of whether an individual's constitutional rights have been violated is a question of law over which an appellate court exercises unlimited review." *Johnson*, 289 Kan. 642, Syl. ¶ 3.

Additionally, while engaging in this analysis, an appellate court must accept the facts alleged by the petitioner as true. See *Denny*, 315 Kan. at 173.

*Strader's petition for a writ of habeas corpus fails to establish a violation of protected liberty interests.*

To begin, Strader has failed to establish his liberty interests were violated. As a result of his disciplinary infractions in 2024, he was given 15 days in disciplinary segregation and 30 days of restriction. Even when taken as true, segregation and restriction alone do not amount to a deprivation of a constitutionally protected interest, nor does a prisoner have a protected liberty interest in remaining in the general prison population. *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010); *Ramirez v. State*, 23 Kan. App. 2d 445, 447, 931 P.2d 1265 (1997). Instead, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature," such as an unreasonable duration of such conditions. See *Johnson*, 289 Kan. at 646-48. Thus, Strader's petition for a writ of habeas corpus fails to establish a deprivation of protected liberty interests and the court's dismissal of his claims regarding the result of his 2024 disciplinary hearing was proper.

*Strader's prayer for relief requests several forms of damages that are not available under K.S.A. 60-1501.*

There are two forms of habeas corpus proceedings that can grant relief to those detained in Kansas, K.S.A. 60-1501 and K.S.A. 60-1507.

"The distinction between K.S.A. 60-1501 and K.S.A. 60-1507 has generally been held to be that a 1507 petition is a procedure by which a prisoner may challenge his or her conviction or sentence, while a 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution." *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 (1994) (citing *State ex rel. Stephan v. Clark*, 243 Kan. 561, 568, 759 P.2d 119 [1988]; *Foster v. Maynard*, 222 Kan. 506, 513, 565 P.2d 285 [1977]; *Hamrick v. Hazelet*, 209 Kan. 383, 385, 497 P.2d 273 [1972]).

This distinction demonstrates that K.S.A. 60-1507 relief goes to the heart of a conviction and sentencing, whereas K.S.A. 60-1501 relief seeks to resolve any deficiencies in conditions of confinement. Though the statute does not clarify the available types of relief, the Kansas Supreme Court has held that seeking monetary relief is not available in habeas corpus petitions. *Foster*, 222 Kan. 506, Syl. ¶ 3; *Bryant v. Barbara*, 11 Kan. App. 2d 165, 167, 717 P.2d 522 (1986).

Strader petitioned under K.S.A. 60-1501 to challenge the mode or condition of his confinement, specifically the disciplinary segregation and restrictions he received as a result of a disciplinary infraction. Strader seeks proceeds; injunctions; private industry pay and job work release; early release from sentences; possible pardon/clemency; vacating his sentences; medical expenses and damages; relief for mental and emotional damages and expenses; and expungement of records.

First, Strader's requests for early release from sentences, possible pardon/clemency, expungement of records, or vacating his sentence pertain to his conviction and sentencing rather than the conditions of his confinement. So K.S.A. 60-1501 is not the proper vehicle to bring those claims. Next, his request for private industry pay and job work release are not within the scope of a court's ability to provide under K.S.A. 60-1501. Finally, proceeds, medical expenses and damages, and mental and

emotional damages and expenses are all forms of monetary relief, which are not appropriate in habeas corpus motions.

Thus, of these requested forms of relief, only an injunction would be an available remedy to resolve a K.S.A. 60-1501 petition—but only if Strader demonstrated deprivation of a protected liberty interest, which he has not. So we agree the district court's dismissal of his petition on this basis was proper as well.

*Strader failed to demonstrate exhaustion of his administrative remedies pertaining to his personal property claims.*

In any civil action against a correctional facility in Kansas, an inmate is required to exhaust all available administrative remedies established by regulation before seeking redress in a Kansas court. K.S.A. 75-52,138; *Laubach v. Roberts*, 32 Kan. App. 2d 863, 868-69, 90 P.3d 961 (2004). The applicable regulations governing the administrative grievance process are K.A.R. 44-15-101 et seq. The administrative procedure established for an inmate seeking redress within the correctional system is (1) an informal request for relief from the pertinent prison personnel or unit team members; (2) a formal complaint to the warden or principal facility administrator; and (3) an appeal to the Secretary of Corrections. K.A.R. 44-15-101(b) and (d). 32 Kan. App. 2d at 869.

While Strader attached some grievance reports, they all appear to be informal requests to prison personnel. Strader attached no documents indicating he made a formal complaint to the warden or principal facility administrator or appealed to the Secretary of Corrections regarding his personal property complaints. The district court was therefore correct to dismiss these complaints for failure to provide proof that Strader exhausted his administrative remedies.

CONCLUSION

While the district court improperly found the aspect of Strader's petition involving his 2024 disciplinary hearing result was untimely, it provided alternative bases to support its ultimate ruling which are unchallenged and also sound. Thus, the summary dismissal of Strader's petition for a writ of habeas corpus was proper.

Affirmed.