NOT DESIGNATED FOR PUBLICATION

No. 127,888

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES C. STRADER,
*Appellant*,

v.

KANSAS DEPARTMENT OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed February 6, 2026. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Fred W. Phelps, Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellee.

Before ISHERWOOD, P.J., CLINE and COBLE, JJ.

CLINE, J.: James C. Strader appeals from the summary denial of his K.S.A. 60-1501 petition, in which he sought prosecution of criminal offenses allegedly committed by correctional officers, removal from the custody of the Kansas Department of Corrections (KDOC), relief from his sentence, and civil damages. The district court dismissed Strader's petition after finding none of the relief he requested was available under K.S.A. 60-1501. After reviewing the record, we see no error in the court's decision and therefore affirm its dismissal of Strader's petition.

1

FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2022, while at Lansing Correctional Facility, Strader filed the petition that is the subject of this appeal. In the petition, Strader alleged various incidents of misconduct and mistreatment of him by correctional officers between 2018 and 2022, including beating him, providing food containing ingredients that he was allergic to, stealing and destroying legal paperwork and medical records to prevent Strader from using those documents as evidence against the officers in various legal proceedings Strader had initiated in federal court, and censoring or restricting Strader's mail. As mentioned, Strader requested prosecution of criminal offenses allegedly committed by the correctional officers, removal from KDOC custody, relief from his sentence, and civil damages in his petition.

In May 2022, Strader moved to amend his complaint, asserting more incidents of abuse by correctional officers. Strader continued filing affidavits in support of his petition, which largely reasserted previously identified factual circumstances.

The district court issued a writ of habeas corpus and set the matter for hearing. It also appointed an attorney to represent Strader.

The KDOC moved to dismiss, arguing Strader did not plead exhaustion of his administrative remedies, the relief he requested was not available in a habeas corpus proceeding, and, since Strader had been transferred to another correctional facility, the issues in his petition were moot and venue was improper.

At the hearing, Strader conceded that proof of administrative exhaustion was not attached to his pleadings. But he argued part of the reason was that correctional officers had concealed or destroyed documents that would have demonstrated Strader had exhausted his administrative remedies. As for the relief he requested, Strader conceded

that money damages and the institution of criminal proceedings are not available under K.S.A. 60-1501. When asked about the other relief he requested, Strader clarified that he did not want to be moved to another facility but instead wanted to be released from KDOC custody in general.

The district court ultimately dismissed Strader's petition for failing to state a claim upon which relief could be granted under K.S.A. 60-1501. In explaining its decision, the court noted that evidence of exhaustion of remedies was not attached to the petition. It observed that this failure, alone, provided a basis for dismissing the habeas action. Even so, the district court told Strader it would assume he had exhausted his administrative remedies for the claims asserted in his motion given Strader's allegations that correctional officers prevented him from satisfying this condition. Yet the court still dismissed Strader's petition because the types of relief Strader requested were not available under K.S.A. 60-1501.

Strader appeals the dismissal of this petition.

REVIEW OF STRADER'S APPELLATE CHALLENGE

There are two forms of habeas corpus proceedings that can grant relief to those detained in Kansas, K.S.A. 60-1501 and K.S.A. 60-1507.

> "The distinction between K.S.A. 60-1501 and K.S.A. 60-1507 has generally been held to be that a 1507 petition is a procedure by which a prisoner may challenge his or her conviction or sentence, while a 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution." *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 (1994) (citing *State ex rel. Stephan v. Clark*, 243 Kan. 561, 568, 759 P.2d 119 [1988]; *Foster v. Maynard*, 222 Kan. 506, 513, 565 P.2d 285 [1977]; *Hamrick v. Hazelet*, 209 Kan. 383, 385, 497 P.2d 273 [1972]).

This distinction demonstrates that K.S.A. 60-1507 relief goes to the heart of a conviction and sentencing, whereas K.S.A. 60-1501 relief seeks to resolve deficiencies in conditions of confinement.

The Kansas Supreme Court explained the procedures available to the district court when addressing a K.S.A. 60-1501 petition in *Denney v. Norwood*, 315 Kan. 163, 505 P.3d 730 (2022):

> "First, when initially presented with the petition for a writ of habeas corpus, the court may determine from the face of the petition and any attached exhibits that the petitioner is entitled to no relief and deny the motion summarily without issuing a writ or ordering the respondents to file an answer. See K.S.A. 2020 Supp. 60-1503(a).
>
> "But if the court determines petitioner may have a right to relief, it issues a writ of habeas corpus, appoints counsel, orders the respondent to file an answer, conducts a hearing, and determines the cause. K.S.A. 2020 Supp. 60-1503(a); K.S.A. 2020 Supp. 60-1505(a); K.S.A. 22-4506(b). Again, once the court issues a writ, the statute does not specify the type of hearing required to adjudicate the habeas corpus petition—the statute merely requires the judge to proceed in a summary way to hear and determine the cause. Even so, the statutory scheme contemplates at least two types of hearings on the path to final resolution.
>
> "First, K.S.A. 2020 Supp. 60-1505(a) expressly contemplates a nonevidentiary hearing focusing on the motion, files, and records of the case. If the court determines that the motion, files, and the records of the case conclusively show that the inmate is entitled to no relief, then the court shall dissolve the writ. K.S.A. 2020 Supp. 60-1505(a). For ease of reference, we refer to this type of nonevidentiary hearing as a 'preliminary habeas corpus hearing' under K.S.A. 60-1501.
>
> "But if the court cannot determine from the motion, files, and records that petitioner is entitled to no relief, the district court may conduct an evidentiary hearing (either in addition to or in lieu of the preliminary habeas corpus hearing) and make appropriate findings of fact and conclusions of law in support of its judgment." 315 Kan. at 174-75.

This court reviews the dismissal of a K.S.A. 60-1501 petition after a preliminary habeas corpus hearing de novo, since we are in just as good a position to consider the merits of the petition as the district court. 315 Kan. at 175.

Strader has provided no legal basis or argument on appeal to persuade us that the district court erred in dismissing his petition. While he claims the district court erred in dismissing his petition for failure to exhaust his administrative remedies, an examination of the record reveals that was not the reason for the court's decision. The court gave Strader the benefit of the doubt and assumed he had met his burden to show administrative exhaustion. It instead dismissed his petition because he was not entitled to the relief he sought under K.S.A. 60-1501. Strader does not explain why he believes the district court erred in dismissing his petition on this basis, and he has the burden to do so. See *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16 (1997) (inmate claiming violation of his constitutional rights in a habeas proceeding carries the burden of proof).

None of the remedies Strader sought in his petition are available in a habeas corpus proceeding. His requests for removal from KDOC custody and relief from his sentence pertain to his conviction and sentencing rather than the conditions of his confinement. And, as Strader admitted at the hearing, neither monetary relief nor the initiation of criminal proceedings is available in habeas corpus actions. See *Foster v. Maynard*, 222 Kan. 506, Syl. ¶ 3, 565 P.2d 285 (1977) (monetary relief not available in habeas proceedings). Because Strader has not met his burden to show the district court erred in dismissing his petition, we must therefore affirm that decision.

Affirmed.