NOT DESIGNATED FOR PUBLICATION

No. 114,783

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICHARD A. QUILLEN,
*Appellant*,

v.

FRANK DENNING, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Johnson District Court; PAUL C. GURNEY, judge. Opinion filed July 22, 2016. Affirmed.

*Richard A. Quillen*, appellant pro se.

*Kirk T. Ridgway*, of Rerree, Bunn, Rundberg, Random & Ridgway, Chtd., of Overland Park, for appellee Frank Denning.

*Stephen Phillips*, assistant attorney general, for appellee Kevin P. Moriarty.

Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.

*Per Curiam*:  When a district court judge ordered that sexually violent predator (SVP) Richard A. Quillen be transported to court for a hearing, Quillen attempted to enjoin that judge and the county sheriff from housing him in the county jail. The district court dismissed his petition for want of a ripe controversy, and Quillen appeals. Because Quillen's claim is contingent on future events that may not occur as anticipated, or indeed

1

may not occur at all, we agree with the district court that his claim is not ripe. Accordingly, we affirm the district court's dismissal of his petition.

FACTUAL AND PROCEDURAL HISTORY

In December 2006, Quillen stipulated that he was an SVP. Consequently, he was committed to treatment under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.* In 2014, Quillen petitioned for transitional release pursuant to K.S.A. 59-29a08. See also K.S.A. 2015 Supp. 59-29a11 (allowing person to file for transitional release absent approval of the Secretary of the Kansas Department for Aging and Disability Services). Judge Kevin P. Moriarty ordered Quillen be transported to court for a review hearing. But Quillen objected, contending that the standard procedure of housing him in the county jail during such hearings violated his constitutional rights. Judge Moriarty rejected this argument and ordered that Quillen be housed at the jail or, in the alternative, waive his appearance.

In response, Quillen petitioned for both a temporary restraining order and a permanent injunction preventing Judge Moriarty and Johnson County Sheriff Frank Denning (collectively defendants) from housing him in the county jail during the hearing or from issuing a similar ultimatum each year during his annual review. Specifically he requested:

> "[T]his Court find that placement in the County Jail for even one day violates his Constitutional and statutory rights and enjoin the Defendants from:
> Housing or placing Plaintiff in the Johnson County Jail or any jail during an annual review or in the alternative to ensure that if confined in a jail all of his rights will be provided at all times."

The case was assigned to Judge Paul C. Gurney.

2

However, before the district court decided the issue, Quillen appeared in Johnson County District Court for his hearing. At the hearing, Judge Moriarty not only denied the petition for transitional release, but he determined that, under the current statutory procedure for annual review hearings, Quillen would not have qualified for a hearing at which he had a right to appear personally.

Shortly after this ruling, Judge Gurney dismissed Quillen's petition for a temporary restraining order and a permanent injunction. After reviewing the statutory procedure, the district court determined that Quillen's injury—that is, being held in the county jail—was not ripe for review as he did not presently qualify for an in-person hearing. The district court found that the question of whether Quillen would someday qualify for a hearing that he was entitled to attend was too speculative to grant any relief.

Quillen timely appealed.

ANALYSIS

In his sole issue on appeal, Quillen insists that the district court improperly dismissed his petition.

The defendants presented the same arguments before Judge Gurney that they present on appeal. First, they argued that an action under K.S.A. 60-1501 would have been the appropriate means to seek relief since it allows a prisoner to challenge the mode or conditions of his or her confinement. See *Safarik v. Bruce*, 20 Kan. App. 2d 61, Syl. ¶ 5, 883 P.2d 1211 (1994). Second, they argued that under the rule of comity a district judge has no authority to enjoin the actions of another district judge. See *Schaefer v. Milner*, 156 Kan. 768, Syl. ¶ 1, 137 P.2d 156 (1943) ("The general rule is that when a court of competent jurisdiction acquires jurisdiction of the subject matter and of the parties, its jurisdiction continues as to all matters therein involved until the issues are

3

finally disposed of, no court of coordinate jurisdiction should interfere with its action."). In other words, appealing to a higher court for relief is the only way to challenge the legality of decisions made by a judge in a particular case.

But Judge Gurney found yet another reason to dismiss Quillen's action, one not argued by the parties in front of him, the ripeness doctrine. The question of whether a claim is ripe for review bears on a court's subject matter jurisdiction. Subject matter jurisdiction can be raised at any time, even on the court's own motion. *Shipe v. Public Wholesale Water Supply Dist. No. 25*, 289 Kan. 160, 166, 210 P.3d 105 (2009). Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Frazier v. Goudschaal*, 296 Kan. 730, 743-44, 295 P.3d 542 (2013).

Kansas courts are constitutionally without authority to render advisory opinions, and a court's jurisdiction to issue an injunction is dependent upon the existence of an actual case or controversy. As part of the Kansas case-or-controversy requirement in an injunction action, courts require the issues to be ripe. *Shipe*, 289 Kan. at 165-66. An issue is ripe when it has taken "fixed and final shape" and is no longer "nebulous and contingent." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, Syl. ¶ 15, 179 P.3d 366 (2008). A claim is not ripe for adjudication if it rests upon ""contingent future events that may not occur as anticipated, or indeed may not occur at all."' [Citations omitted.]" *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998). When a court issues an opinion on a case that is not yet ripe, it exceeds its constitutional authority and violates the separation of powers doctrine. See *Sebelius*, 285 Kan. 875, Syl. ¶¶ 14-16.

Quillen argues that, contrary to Judge Gurney's decision, his risk of being housed in the county jail is ripe for relief. However, he cites almost no authority to support this position. He merely states "even if it was a hypothetical situation it was proper for the granting of relief." Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to

4

failing to brief the issue. *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013). An issue not briefed by the appellant is deemed waived and abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

Regardless of Quillen's failure to adequately brief this issue, we are persuaded to agree with Judge Gurney. As Judge Gurney observed, under K.S.A. 2015 Supp. 59-29a08(a), each SVP is entitled to an initial review hearing each year, but he or she "is not entitled to be present at the hearing." If the district court finds probable cause to believe the SVP's mental status has changed sufficiently to place him or her in transitional release, the SVP is entitled to a second hearing at which the State must prove that he or she is not actually safe to be placed in transitional release. K.S.A. 2015 Supp. 59-29a08(c). The SVP is entitled to be present at this second hearing. K.S.A. 2015 Supp. 59-29a08(c).

In other words, the only review hearing *guaranteed* to Quillen is one he is not entitled to attend. Quillen's risk of being housed in the county jail is contingent on a district court finding probable cause that his mental health status qualifies him for transitional release. See K.S.A. 2015 Supp. 59-29a08(a). Until that time, Quillen is not entitled to appear before the court, stripping the defendants of any reason to place him in the jail. Because the chances of Quillen again being called to appear before the district court is nebulous at best, any decision on this matter would constitute an advisory opinion. Likewise, Judge Gurney indicated that "[d]efendants respond that there is currently no other secure location to house [SVPs] during their appearances in Johnson County, as Osawatomie State Hospital is closed for new admissions." The fact that this situation will remain the same in the future is also purely speculative.

Moreover, Moriarty's decision at Quillen's review hearing highlights the tenuous nature of this claim. According to the facts presented at that hearing, Quillen failed to fully engage in therapy, resisted promotion to the next phase of treatment, and made only

"'minimal progress in the treatment program.'" And after reviewing the record, Moriarty determined "**beyond any doubt** that [Quillen] is not prepared to move to the Transition Phase of treatment." With so much uncertainty surrounding Quillen's future hearings, it cannot be said that there is a fixed and final shape to this claim.

All told, Quillen's appeal asks this court to reinstate a petition that attempts enjoin a past event and possibly prevent a speculative future event from occurring. But any claim regarding the past event is moot, and any claim as to any future hearings is not currently ripe because Quillen will only be entitled to appear before the district court if that court finds probable cause to believe his mental status has changed. Because of all this, Quillen's requested relief essentially asks this court to exceed its authority and issue an advisory opinion. See *Sebelius*, 285 Kan. 875, Syl. ¶¶ 14-16. Instead, we affirm the district court's decision that it lacked subject matter jurisdiction to consider Quillen's claim because it is not ripe.

Affirmed.