NOT DESIGNATED FOR PUBLICATION

No. 119,143

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARVIN DAVIS JR.,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD,
SAM CLINE, Warden, et al.
*Appellees.*

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed December 21, 2018. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Natasha M. Carter*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: Marvin B. Davis, Jr. appeals the Leavenworth County District Court's denial of his K.S.A. 60-1501 petition in which he contended the Kansas Prisoner Review Board (Board) violated his right to due process when it revoked his postrelease supervision and then abused its discretion when it ordered him to prison to serve the remainder of his sentence. We find no error and affirm.

1

FACTS AND PROCEDURAL BACKGROUND

In 1997, a Sedgwick County jury convicted Davis of aggravated kidnapping, aggravated indecent liberties, aggravated burglary, and domestic violence. The district court sentenced him to a controlling sentence of 230 months in prison followed by 36 months of postrelease supervision. The court certified Davis as a sex offender, requiring registration. The Kansas Department of Corrections (KDOC) initially released Davis on postrelease supervision on May 3, 2013. KDOC returned Davis to prison in April 2014 due to violations of his postrelease conditions and released him again on August 6, 2014.

On September 9, 2015, his parole officer, Ed Desir, accompanied by another parole officer and two sheriff's deputies, went to Davis' approved registered address for a search. Upon arrival, they were unable to enter the building where Davis' registered apartment was located. They did speak to tenants at the building who said Davis did not live there and they had never heard of him. The tenants also said Margalene Hubbard, Davis' sister with whom he had reported he was living, had not lived there for more than three months.

The next day one of the deputies contacted Desir with further information. The deputy had communicated with the landlord for Davis' registered address, who said he had no one named Marvin Davis staying there. Additional information the deputy received from Westar Energy showed Hubbard had not had services with them since May 19, 2015. KDOC issued a warrant for Davis on September 11, 2015, alleging a violation of the release condition that required him to keep his parole officer continuously informed about his travel and residence.

On September 15, 2015, as a further result of the failed home visit, the State charged Davis with two counts of violating the offender registration act. Two days later, KDOC served Davis with a statement of its conditional release violation charge and gave

him notice of his right to a preliminary hearing. Davis exercised that right and on September 22 he acknowledged notice of the time and date for his preliminary hearing. At the time of Davis' initial appearance for the preliminary hearing, he asked for a continuance so he could have Hubbard appear as a witness on his behalf. The hearing officer granted a five-day continuance for that purpose.

Davis' preliminary hearing on the alleged violation was held on September 30, 2015. Davis did not request that counsel be provided, but he asked for a further continuance, stating he had not been able to contact Hubbard. Desir reported, however, that on the date that had originally been set for the hearing he spoke with Hubbard on the telephone and informed her of the new time, date, and location of the hearing. Hubbard was not present and the hearing proceeded. Desir gave testimony about his attempt to contact Davis and the information he had received about the gap in Westar services to Hubbard. After Davis questioned Desir, the hearing officer made a finding of probable cause that Davis had violated the condition as charged.

On June 20, 2016, in the new case charging him with offender registration act violations, Davis entered into a plea agreement under which he pled no contest to one amended count of attempted offender registration violation. The State dismissed the other count. The district court sentenced Davis on August 26, 2016, to 19 months in prison and 12 months of postrelease supervision, to be consecutive to all other cases. With a category B criminal history, it was a presumptive prison sentence and the district court ordered the prison sentence to be served.

Following Davis' conviction and sentencing, Desir filed a new report on September 20, 2016, alleging Davis had violated the condition of his release that prohibits violating city, county, state, or federal laws. The Board held a final hearing on December 1, 2016, for both this new charge and the 2015 allegation that Davis failed to keep his parole officer advised about his travel and residence.

3

Prior to the hearing, Davis signed a waiver stating he did not want witnesses present, including his parole officer, and he did not want an attorney present on his behalf. Davis denied committing the first alleged violation, the travel and residence condition; he admitted the second violation, charging he had violated city, county, state, or federal law. Among other evidence, the Board considered Davis' testimony and the journal entry of his conviction and found him not guilty of the travel and residence violation but guilty of the charge that he had violated the law. As a result, the Board ordered Davis' postrelease revoked and directed him to prison until his discharge date.

Davis submitted a request for reconsideration, challenging the order that he "serve to discharge date." Davis claimed there were mitigating circumstances that could have been considered under K.S.A. 2016 Supp. 75-5217, but not under K.S.A. 2012 Supp. 75-5217, which did not allow the Board to use discretion in the sanction for an offender with a new felony conviction, intimating possible confusion by the Board. Davis argued that had the Board used the amended version of the statute, it would have exercised discretion and would not have ordered him to serve the remaining 32 months to his discharge date. The Board denied Davis' request, noting that reconsideration may only be granted on the basis of new information that was unavailable at the time of the hearing, which was not the grounds for Davis' request.

On February 21, 2017, Davis filed a petition for habeas corpus relief in the Leavenworth County District Court under K.S.A. 2017 Supp. 60-1501. He alleged: (1) due process violations at the preliminary revocation hearing; (2) Desir violated his due process rights when he obstructed his witness from appearing at the preliminary hearing by providing the wrong date of the hearing and falsifying the violation report; (3) the Board abused its discretion by violating his right of confrontation, using unreliable and inadmissible police reports; (4) his due process rights were violated when the Board used hearsay by his parole officer and a police officer; and (5) the Board abused its discretion

4

in the time it ordered him to serve for the violation and not making "the adversary" present for cross-examination and confrontation.

The Board filed an answer and motion for dismissal, claiming first that Davis filed his petition nine days out of time. If the court were to reach the merits of the case, the Board argued Davis could not prevail because he asked to be placed back on postrelease supervision, a remedy for which the court lacked authority. The Board further argued Davis' filing was a second and successive motion, barred by res judicata, and all due process claims relating to the preliminary hearing were moot since the Board found Davis not guilty of the charge that was heard at the preliminary hearing.

Though Davis had been appointed counsel twice, the court allowed them to withdraw and Davis was self-represented at the hearing. Davis first argued the Board failed to exercise the discretion authorized by the Legislature in the 2013 amendments to K.S.A. 75-5217(c), allowing the Board to determine the duration of a prison sanction when revocation is based on a new felony conviction. He claimed the Board instead applied K.S.A. 2012 Supp. 75-5217(c), which did not grant that discretion.

Davis then contended he had not been served with the amended violation notice that added the second allegation based on his new conviction and the not guilty finding on the first charge, failure to report travel and residence, should not render due process violations moot because he remained incarcerated through the pendency of his revocation.

In a memorandum decision issued October 27, 2017, the district court granted the Board's motion to dismiss and denied Davis' request for a writ. The court declined to dismiss based on untimeliness because of the difficulty inmates face preparing documents that, in this case, were filed only nine days out of time. But the district court found Davis failed to meet his burden of proof to show the Board failed to comply with applicable

5

statutes and rules or that the Board's actions were arbitrary or capricious. The court pointed out that for many of Davis' complaints, relief under K.S.A. 60-1501 was not appropriate because his allegations involved actions by other individuals and agencies.

The district court found further that consideration of Davis' 60-1501 petition was barred because he had presented the same claims for relief previously in Sedgwick County, and Davis' due process complaints that were centered on the preliminary hearing were moot because the Board found him not guilty of that violation.

Davis timely appeals.

## ANALYSIS

Davis now claims the Board violated his due process rights when it revoked his postrelease supervision, then abused its discretion when it ordered him to serve his sentence to the discharge date.

*Standard of Review*

A petition under K.S.A. 60-1501 is "a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement." *Safarik v. Bruce*, 20 Kan. App. 2d 61, 67, 883 P.2d 1211 (1994).

> "In the context of a parole revocation, due process demands only minimal safeguards; the full panoply of rights afforded a criminal defendant is not required in the revocation of parole. However, due process does require the State to provide an individual with written notice of the claimed violation, to disclose to the individual the evidence of the parole violation, to provide the individual with an opportunity to be heard and to present evidence to counter the alleged violation, to allow the individual to confront any adverse witnesses, to have the allegation of the parole violation adjudicated

6

by a neutral and detached hearing body such as a parole board, and to provide the individual with a written statement by the factfinders regarding the evidence relied upon and the reasons for revoking parole." *Brull v. State*, 31 Kan. App. 2d 584, 587, 69 P.3d 201 (2003).

Because of the nature of the proceedings, our review is limited:

"A habeas corpus action is the appropriate procedure for reviewing decisions of the parole board. However, because parole is a privilege, a matter of grace exercised by the KPB, this court's review of the denial of parole is limited to whether the KPB complied with applicable statutes and whether its action was arbitrary and capricious." *Payne v. Kansas Parole Board*, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994).

*Due process violations*

*Complaints related to preliminary hearing*

Davis claims due process violations relating both to the preliminary hearing segment of his case and the final hearing by the Board. Those claims present no basis for relief. We first consider the complaints about the preliminary hearing.

Davis contends his due process rights were violated in the preliminary hearing in the following ways: (1) the hearing officer was not impartial; (2) he was denied his right to confront witnesses; (3) his documents regarding the violations were destroyed and replaced; (4) the hearing was rushed to prevent him from presenting evidence; (5) the hearing officer permitted inadmissible hearsay evidence to deny his right to confront an adverse witness; and (6) the parole officer intentionally misinformed his witness of the hearing date and falsified the violation report.

7

The district court found Davis' claims of due process violations relating to his preliminary hearing were moot. We agree. At the final violation hearing, Davis denied the first of the two alleged violations concerning failure to report his travel and residence. That was the only postrelease violation considered at the preliminary hearing and the Board found Davis not guilty of violating that condition, removing it as a factor contributing to his revocation and rendering moot any complaints about procedural failures leading to that hearing.

*Complaints related to revocation at final hearing*

The Board revoked Davis' postrelease as a result of its finding he was guilty of violating the law, evidenced by his plea, conviction, and sentencing in the district court. As we noted above, Davis waived his right to have witnesses present, his specific right to have the parole officer who alleged the violations present at the hearing, and his right to counsel. He then admitted this violation of his conditions as a result of a new felony conviction.

Although Davis argues waiving the parole officer's presence at the hearing did not waive the appearance of the police officer who wrote the report on his registration violation, the fact is he also waived that officer's appearance, along with all other witnesses. Davis fails to explain why his written waiver and admission did not supersede the due process violations he now asserts, just as the waiver of his constitutional rights when he entered his plea to the criminal charge in the district court relinquished any claim of prior error in those proceedings. These contentions constitute no basis for relief.

*Abuse of discretion in ordering sanction*

Davis then contends the Board abused its discretion when it ordered him to serve his sentence to the discharge date. Davis bases this argument on the historical language of the relevant statute. K.S.A. 2012 Supp. 75-5217(c) directed:

> "If the violation results from a conviction for a new felony, upon revocation, the inmate *shall serve the entire remaining balance of the period of postrelease supervision* even if the new conviction did not result in the imposition of a new term of imprisonment." (Emphasis added).

In the following year, however, the Legislature amended that section to read:

> "If the violation results from a conviction for a new felony, upon revocation, the inmate *shall serve a period of confinement, to be determined by the prisoner review board, which shall not exceed the remaining balance of the period of postrelease supervision*, even if the new conviction did not result in the imposition of a new term of imprisonment." (Emphasis added). K.S.A. 2013 Supp. 75-5217(c).

Because the Board ordered him to serve his sentence to the discharge date, Davis argues the Board must have based its sanction on the nondiscretionary pre-2013 version, thereby abusing the discretion granted in 2013 by failing to exercise it in his favor.

Davis' final violation hearing was conducted almost three and one-half years after the legislative change. Beyond the fact the Board ordered him to remain in prison until his discharge date, Davis provides no support whatsoever for his assertion the Board based its sanction on K.S.A. 2012 Supp. 75-5217(c). Since K.S.A. 2013 Supp. 75-5217(c) permits the Board to order a term of confinement up to the discharge date, the Board's sanction complied with the applicable law. Davis' claim is completely without support.

9

The breadth of the Board's discretion is such that, absent a finding the Board's action was arbitrary or capricious, that action will not be disturbed by this court. "Arbitrary is defined as without adequate determining principles and not done or acting according to reason or judgment. Capricious is defined as changing apparently without regard to any laws." *Spry v. Kansas Prisoner Review Bd.*, No. 118,993, 2018 WL 5091729, at *2 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* November 19, 2018. The Board exercised the discretion granted to order a greater sanction than Davis thought the nature of his new conviction warranted—but the sanction ordered was nonetheless within the legally authorized range and was not such that it could be characterized as either arbitrary or capricious.

We find no error in the district court's decision to deny Davis' petition.

Affirmed.