NOT DESIGNATED FOR PUBLICATION

No. 121,975

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUSTIN D. ELNICKI,
*Appellant*,

v.

MARTIN SAUERS, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; CAREY L. HIPP, judge. Opinion filed July 17, 2020. Affirmed.

*Bradley T. Steen*, of Law Office of B. Truman Steen, LLC, of Ellsworth, for appellant.

*Robert E. Wasinger*, legal counsel, Department of Corrections, Ellsworth Correctional Facility, for appellees.

Before GARDNER, P.J., WARNER, J., and ROBERT J. WONNELL, District Judge, assigned.

PER CURIAM:  Justin Elnicki alleges the district court erred in summarily dismissing his K.S.A. 60-1501 petition. In that petition, he alleged his due-process rights were violated when he was disciplined for engaging in "lewd acts." He also claimed that, as a result of his disciplinary segregation, he lost the opportunity to redeem a prepaid card for a barbeque meal. After reviewing Elnicki's petition, we conclude that he failed to allege the State deprived him of a cognizable liberty or property interest. His due-process claim is therefore without merit, and the district court's summary dismissal was not error. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In May 2019, a corrections officer conducting a morning count of prisoners stopped at Elnicki's cell. The officer saw a reflection in the cell window and rapid movement; it appeared that one inmate was standing in front of the other. On closer inspection, the officer saw the two cellmates sitting next to each other on the bottom bunk. Elnicki had a surprised look on his face. Elnicki and his cellmate both had either a towel or blanket covering their groin areas. The officer told the men to stand but they refused. The officer called for backup and then entered the cell. When the inmates stood up, both were naked and Elnicki had a visible erection. The corrections officers believed a "lewd act" had occurred.

At a disciplinary hearing, Elnicki was found by a preponderance of the evidence to have engaged in lewd acts in violation of K.A.R. 44-12-315. As punishment, Elnicki received 18 days of segregation and 30 days of restriction. While Elnicki was in segregation, he was not permitted to eat with other inmates. As a result, he was not permitted to use a prepaid, nonrefundable $21.25 credit for barbeque when a vendor came to the corrections facility.

Elnicki appealed his disciplinary action to the Secretary of the Kansas Department of Corrections, who affirmed the hearing officer's ruling and noted the decision was supported by the evidence and substantially complied with the Department's standards and procedures. Elnicki then filed a petition under K.S.A. 60-1501, alleging his due-process rights were violated because insufficient evidence supported his conviction. Elnicki also argued the lost opportunity to use his prepaid barbeque card violated his due-process rights. The district court summarily dismissed Elnicki's petition, finding he had failed to state facts entitling him to relief. Elnicki appeals.

DISCUSSION

A petition under K.S.A. 60-1501 is "a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution." *Safarik v. Bruce*, 20 Kan. App. 2d 61, 67, 883 P.2d 1211 (1994). To state a claim for relief, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). An inmate alleging a violation of his or her constitutional rights in a K.S.A. 60-1501 petition carries the burden of proof to establish the violation. *Anderson v. McKune*, 23 Kan. App. 2d 803, Syl. ¶ 4, 937 P.2d 16 (1997).

K.S.A. 2019 Supp. 60-1503(a) requires summary dismissal of a K.S.A. 60-1501 petition "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief." Courts considering a request for summary dismissal "must accept the facts alleged by the inmate as true." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). When a district court summarily denies a petition for a writ of habeas corpus under this section, our review is unlimited. *Johnson*, 289 Kan. at 649.

The Due Process Clause of the Fourteenth Amendment proscribes states from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. We apply a two-step analysis to determine whether an inmate received the protections of due process. This court must first determine whether the State has deprived the inmate of life, liberty, or property. If an inmate has been so deprived, then this court must determine the extent and nature of the process to which the inmate is entitled. *Murphy v. Nelson*, 260 Kan. 589, 597-98, 921 P.2d 1225 (1996); *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

On appeal, Elnicki alleges several due-process violations under federal and Kansas law. For example, he contends his due-process rights were violated because there was insufficient evidence to convict him of committing lewd acts. And he maintains he was denied due process of law because the disciplinary administrator's findings were insufficient and vague. He suggests, though he did not raise the argument previously, that the deprivation of his rights should be held to a more exacting standard under the Kansas Constitution. But unless Elnicki has been deprived of liberty or property, his right to due process has not been implicated, and we do not reach these claims.

As a result of his disciplinary violation, Elnicki received 18 days of segregation and 30 days of restriction. Neither of these sanctions implicates a liberty or property interest. *Anderson*, 23 Kan. App. 2d at 807 ("It is clear that being placed in disciplinary segregation does not implicate due process rights."); *Davis v. Finney*, 21 Kan. App. 2d 547, 558-59, 902 P.2d 498 (1995). Elnicki also alleges he lost good-time credit as a result of the violation, but there is nothing in the record to support this claim. The State encourages this court to end its analysis here because Elnicki has shown no constitutional deprivation that would implicate his right to due process. See *Anderson*, 23 Kan. App. 2d at 806-07 ("An inmate's claim under K.S.A. 60-1501 must assert the deprivation of a constitutional right . . . . In the absence of such a claim, the petition should be summarily dismissed.").

But Elnicki claims the loss of his prepaid, nonrefundable $21.25 credit for barbeque, which he was not able to use because he was in segregation as a result of the lewd-acts violation, constitutes the loss of a cognizable property interest. See *Anderson*, 23 Kan. App. 2d at 807 (extraction of small fine from inmate's prison account can implicate due-process protections). Elnicki concedes his loss was not a fine. Instead, he alleges that his loss invokes a property interest because it was a direct consequence of being placed in segregation and that the State should have refunded the $21.25.

4

Unlike *Anderson*, where a disciplinary hearing officer imposed a $20 fine, seven days of segregation, and a $5.32 order of restitution, Elnicki received no financial sanction as a result of his lewd act conviction. He was simply unable to enjoy the barbeque he had paid for because he was placed in disciplinary segregation at the time the meal was served. While we are sympathetic to Elnicki's disappointment, we note that the State did not take the prepaid card away or otherwise deprive him of it. Rather, his lost opportunity to use the barbeque card was a collateral consequence of his own actions. That is, the lost opportunity arose because he committed the disciplinary violation when he did, and thus was placed in segregation.

Because Elnicki has not alleged a deprivation of any liberty or property interest implicating his due-process rights, the district court did not err in summarily dismissing his K.S.A. 60-1501 petition.

Affirmed.